114 F.3d 1192
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Harold HEMMINGER, Defendant-Appellant.
 No. 96-2081.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 28, 1997.*
Decided May 2, 1997.
Rehearing Denied May 22, 1997.
 
 Before CUMMINGS, EASTERBROOK and RIPPLE, Circuit Judges.
 
 Order
 
 1
 Harold Hemminger pleaded guilty to distributing marijuana, in violation of 21 U.S.C. § 841(a)(1), and to some related counts, including possession of a firearm despite a prior felony conviction, see 18 U.S.C. § 922(g)(1). The plea agreement, under Fed.R.Crim.P. 11(e)(1)(C), called for a sentence of 126 months' imprisonment. Hemminger acknowledged that an agreement for a specific sentence "is not contingent upon the probation officer's or the court's concurrence with ... calculations" under the Sentencing Guidelines. If the court imposes the agreed sentence, then the plea is conclusive, but if the court is unwilling to impose the agreed sentence, the plea may be withdrawn.
 
 
 2
 The court accepted the plea and sentenced Hemminger to 126 months' imprisonment. A direct appeal and two petitions under 28 U.S.C. § 2255 later, the bargain is still in place. For his fourth effort to obtain a lower sentence, Hemminger filed a motion under 18 U.S.C. § 3582(c)(2), arguing that two amendments to the Sentencing Guidelines (Nos. 516 and 518), which change the way the sentence in a marijuana case is calculated, should be applied retroactively. The district court denied this motion, and we affirm (without reaching the question whether these amendments are indeed retroactive) for a simple but compelling reason: a sentence imposed following a plea under Rule 11(e)(1)(C) cannot be altered even if the Sentencing Commission designates certain changes to the Guidelines as retroactive.
 
 
 3
 After accepting the agreement, the court "is not free to revisit the plea agreement simply because, for whatever reason, the defendant later comes back to the court for resentencing." United States v. Ritsema, 89 F.3d 392, 399 (7th Cir.1996). See also United States v. Barnes, 83 F.3d 934, 938 (7th Cir.1996). The sentence under a Rule 11(e)(1)(C) plea rests on the parties' agreement, not on a calculation under the Sentencing Guidelines.
 
 
 4
 Of course, a defendant is entitled to contest a plea under Rule 11(e)(1)(C) on the same grounds that any other plea may be challenged--that it was involuntary, that it was the result of ineffective assistance of counsel, that the indictment does not state an offense, and so on. But Hemminger does not want to withdraw his plea and go to trial; he does not contend that the plea is infirm on any legal or factual ground; instead he wants to keep the benefits of the plea while receiving a lower sentence. That possibility is one he bargained away in 1990. Having received the benefits of his agreement, Hemminger must accept the portions favorable to the prosecutor.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)